IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,743-01




 

EX PARTE LE JAMES NORMAN






ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS

FILED IN CAUSE NO. 06-1-7346


IN THE 24TH JUDICIAL DISTRICT COURT


JACKSON COUNTY




 Per Curiam. 


O R D E R



 This case is before us because an application for writ of habeas corpus has not been
properly filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071. (1)

 The trial court appointed Terry McDonald to represent applicant in a post-conviction
writ of habeas corpus under Article 11.071. On May 7, 2010, the State filed in this Court its
brief on applicant's direct appeal. Pursuant to Article 11.071, § 4(a), counsel should have
filed applicant's writ application no later than June 21, 2010. However, the trial court
granted counsel's timely motion requesting a 90-day extension for filing applicant's writ
application, making the application due in Jackson County no later than Monday, September
20, 2010. (2) Art. 11.071, § 4(b). McDonald filed the writ application in Victoria County
instead. On November 3, 2010, this Court ordered McDonald to file an affidavit explaining
the circumstances surrounding his filing of the application.

 McDonald's affidavit was received in this Court on November 12, 2010. Based on
this affidavit, it appears that McDonald attempted to timely file the application, but he filed
it in Victoria County, which was the county in which the trial was held. The Victoria County
District Clerk then forwarded the application to the Jackson County District Clerk. To the
extent that this filing violated the time limits of Article 11.071, we hold that the application
shall be considered timely filed in Jackson County as of September 28, 2010. (3) The trial court
is ordered to proceed with its review of the application. The timelines set out in Article
11.071, §§ 6-9, shall start to run as of the day this order is issued. 

 IT IS SO ORDERED THIS THE 8th DAY OF DECEMBER, 2010.

Do Not Publish 

 
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.
2. The evidence indicates that the trial court granted applicant's request for an extension
on June 18, 2002, and that the order granting the extension was delivered to the district clerk on
June 21, 2010. This made applicant's writ application due on September 19, 2010. However,
because this date fell on a Sunday, the application would have been timely filed by Monday,
September 20, 2010. 
3. Following receipt of the writ application, the Jackson County District Court Clerk file-stamped it on September 28, 2010.